John E. LUCAS

v.

Lon EVANS, Sheriff of Tarrant County, Texas.

No. CA-4-63-86.

United States District Court
N. D. Texas,
Fort Worth Division.

July 22, 1963.

---

Randell Riley, Fort Worth, Tex. (appointed by the Court), for petitioner.

Doug Crouch, Dist. Atty. of Tarrant County, Fort Worth, Tex., for Sheriff of Tarrant County.

Albert F. Fick, Asst. Dist. Atty. of Tarrant County, Fort Worth, Tex., for State of Texas.

DAVIDSON, District Judge.

We are presented with a motion and petition for writ of habeas corpus. The petitioner, John E. Lucas, has been heretofore convicted of a penal offense in the State courts of Texas, and has appealed his case to the Court of Criminal Appeals of Texas, 368 S.W.2d 605, where his case was affirmed. He now comes before this court with an application for a writ of habeas corpus, the effect of which is to call for a review of his trial had in the State Court and affirmed by the Court of Criminal Appeals.

Ordinarily, in most petitions for writ of habeas corpus, there is considerable deference left to the discretion of the trial judge. We will pass the matter of discretion and go to what we consider to be the law of the case.

This court is without jurisdiction to hear the case on the merits, in the light of the petition as presented. Title 28, Section 2254, U.S. Annotated Code:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process, or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

The statute apparently allows some discretion under certain conditions, but none of those conditions are called to the Court's attention either by petition filed or by counsel in open court.

We are conscious that in the case in a State court, the Federal court, where a change of venue is sought, on the existence of bias or prejudice or animus against the defendant, or threatened mob violence, constitutes a matter that the court should consider on a change of venue, and in certain cases the Federal courts have seemingly been influenced by such a situation in accepting jurisdiction of the controversy, that is, of a petition for habeas corpus.

These conditions do not exist here.

Judge Reed, in the well-considered case of Darr v. Burford, 339 U.S. 200 page 207, 70 S.Ct. 587 pages 591–592, 94 L.Ed. 761, acting under the statute above quoted very clearly makes an application which is in keeping with that which has been the practice in the Federal courts in the early years of its existence, and there is now a well beaten path in accordance with such original decisions. Judge Reed, amplifying the statute, 339 U.S. on page 207, 70 S.Ct. on pages 591–592, 94 L.Ed. 761, says: We see no ground for a federal trial court to act as an appellate court over a case that has been tried in the state courts of the land. The petitioner's course is manifestly clear, to take his petition from the Court of Last Resort in Texas, treating the Court of Criminal Appeals of Texas as such, directly to the Supreme Court of the United States by a writ of certiorari. It might be inreferentially said that it is a matter of common knowledge that our court of Criminal Appeals is not ordinarily severe with the contention of any defendant who feels himself aggrieved.

There is a Federal question here and that the Court of Criminal Appeals has failed to recognize it, then the Supreme Court is the proper court to take jurisdic-

846

tion and return this case to the State courts of Texas.

"Ordinarily, an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a Federal Court only after the state remedies available, *including* the *appellate remedies* in the state courts *and in this court by appeal or writ of certiorari have been exhausted.*" (Italics ours). Darr case 339 U.S. 605, 70 S.Ct. 234, supra.

The petition for habeas corpus is therefore dismissed. This opinion may be filed and treated as the court's findings of fact and conclusions of law in the case.